UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| DOMINIC (AKA DIAMOND) VARGAS, | CASE NO. 1:20-cv-0083 NONE JLT (PC) |
|---|---|
| Plaintiff, | **ORDER DISCHARGING ORDER TO SHOW CAUSE;** |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS; AND** |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | **ORDER DIRECTING PLAINTIFF TO FILE A RESPONSE** |
| | **(Docs. 2, 8)** |
| | **THIRTY-DAY DEADLINE** |

Plaintiff has filed a complaint asserting constitutional claims against governmental employees and/or entities. (Doc. 1.) He had also filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (Doc. 2.) The Inmate Statement Report submitted by the California Department of Corrections and Rehabilitation in support of Plaintiff's application showed an account balance fluctuating between $43.76 and $627.08, with the balance routinely exceeding $250. (Doc. 7.) The Court ordered Plaintiff to show cause why his application to proceed in forma pauperis should not be denied and he be required to pay the filing fee in full before proceeding. (Doc. 8.) Plaintiff has filed a response to the order to show cause. (Doc. 9.)

1

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Good cause appearing, the order to show cause is discharged, and the request to proceed in forma pauperis is granted.

### I. Screening Requirement

The Court is required to screen complaints brought by inmates seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### II. Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Prisoners may bring § 1983 claims against individuals acting "under color of state law." See 42 U.S.C. § 1983, 28 U.S.C. § 1915(e) (2)(B)(ii). Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have

their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### III.     Plaintiff's Allegations

Plaintiff brings an Eighth Amendment medical indifference claim and a Fourteenth Amendment equal protection claim against the California Department of Corrections and Rehabilitation; California Correctional Health Care Services; Grace Song, Deputy Medical Executive (A), Utilization Management; Robert Mitchell, Chief Medical Executive; and Statewide Medical Authorization Review Team ("SMART") Does 1-20; Gender Reaffirming Surgery Review Committee ("GASRC") Does 21-40; C. Pierini, Chief Support Executive; and S. Gates, Chief of Health Care Correspondence and Appeals Policy and Risk Management Services. Plaintiff seeks injunctive relief.

Plaintiff's allegations may be fairly summarized as follows:

Plaintiff is a state inmate housed at Central California Women's Facility in Chowchilla, California. On April 26, 2017, Plaintiff was diagnosed with gender dysphoria. Plaintiff started hormone therapy on April 14, 2018 and has been living and working as a man in the community. Despite more than two years on hormone therapy, Plaintiff continued to suffer serious mental distress and adverse physical side effects from the gender dysphoria. As a result, he sought treatment in the form of sex reassignment surgery ("SRS") under CDCR's prevailing standards of care. Despite Plaintiff's need for the SRS, Defendants disregarded Plaintiff's serious medical need and denied the medically necessary treatment on December 2, 2019. This denial has caused Plaintiff severe anxiety and depression. Additionally, Plaintiff is forced to rely on testosterone alone as a medical treatment for his gender dysphoria, which is causing Plaintiff other health complications.

Liberally construing the complaint, Plaintiff also alleges that Defendants maintain and applied a policy that either excludes or requires a more onerous process to undergo SRS for

transgender and non-cisgender prisoners than for cisgender inmates. For example, certain surgeries (e.g., bilateral mastectomy, hysterectomy, salpingo-oophorectomy, etc.) are deemed medical necessary and are readily available for cisgender inmates but are not similarly available for inmates diagnosed with gender dysphoria.

## IV. Discussion

### A. Eighth Amendment Medical Indifference

Where a prisoner's Eighth Amendment claims arise in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847. "It is enough that the official acted or failed to act despite his knowledge of a substantial risk of harm." Id. at 842.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth

Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from a delay in providing care, a plaintiff must show that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); see also McGuckin, 974 F.2d at 1060. In addition, a physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989) (per curiam). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. Id.

Based on the December 2, 2019, denial of SRS, Plaintiff brings an Eighth Amendment medical indifference claim against the CDCR, CCHCS, Grace Song, Robert Mitchell, SMART Does 1-20, GASRC Does 21-40, C. Pierini, and S. Gates. Although Plaintiff adequately alleges a serious medical need and the deliberate indifference demonstrated by the denial of that need, Plaintiff's allegations are too conclusory to impose liability on any of that Defendants. That is, other than naming the Defendants in the caption, it is not clear what roles or responsibilities these Defendants had with respect to Plaintiff's medical care and treatment or with respect to the December 2, 2019, denial of the SRS. Iqbal, 556 U.S. at 676-77 Simmons v. Navajo County, 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir.

1  2009). Furthermore, liability may not be imposed on supervisory personnel under the theory of
2  *respondeat superior*. Iqbal, 556 U.S. at 676-77. Supervisory personnel may only be held liable if
3  they "participated in or directed the violations, or knew of the violations and failed to act to
4  prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) accord Starr v. Baca, 652 F.3d
5  1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 2101 (2012). For this reason, Plaintiff's
6  Eighth Amendment medical indifference claim must be dismissed.

      **B. Fourteenth Amendment Due Process**

8  Equal protection claims arise when a charge is made that similarly situated individuals are
9  treated differently without a rational relationship to a legitimate state purpose. See San Antonio
10 School District v. Rodriguez, 411 U.S. 1 (1972). Prisoners are protected from invidious
11 discrimination based on race. See Wolff, 418 U.S. at 556. Racial segregation is unconstitutional
12 within prisons save for the necessities of prison security and discipline. See Cruz v. Beto, 405
13 U.S. 319, 321 (1972) (per curiam). Prisoners are also protected from intentional discrimination on
14 the basis of their religion. See Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997). Equal
15 protection claims are not necessarily limited to racial and religious discrimination. See Lee v.
16 City of Los Angeles, 250 F.3d 668, 686-67 (9th Cir. 2001) (applying minimal scrutiny to equal
17 protection claim by a disabled plaintiff because the disabled do not constitute a suspect class); see
18 also Tatum v. Pliler, 2007 WL 1720165 (E.D. Cal. 2007) (applying minimal scrutiny to equal
19 protection claim based on denial of in-cell meals where no allegation of race-based discrimination
20 was made); Hightower v. Schwarzenegger, 2007 WL 732555 (E.D. Cal. Mar. 19, 2008).

21 To state a § 1983 claim based on a violation of the Equal Protection Clause of the
22 Fourteenth Amendment, a plaintiff must allege that defendants acted with intentional
23 discrimination against plaintiff, or against a class of inmates which included plaintiff, and that
24 such conduct did not relate to a legitimate penological purpose. See Village of Willowbrook v.
25 Olech, 528 U.S. 562, 564 (2000) (holding that equal protection claims may be brought by a "class
26 of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v.
27 Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940

1   F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985).

2         Similar to his Eighth Amendment medical indifference claim, Plaintiff includes sufficient allegations to proceed an equal protection claim but for his failure to link it to any of the Defendants. In other words, while Plaintiff adequately alleges the existence of a policy that either excludes or requires a more onerous process to undergo specific procedures for transgender and non-cisgender prisoners than for cisgender inmates, it remains unclear what role CDCR, CCHCS, Grace Song, Robert Mitchell, SMART Does 1-20, GASRC Does 21-40, C. Pierini, and S. Gates played in the alleged violation of Plaintiff's equal protection rights.

## V. Conclusion

Plaintiff's complaint fails to state a claim on which relief may be granted. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff does not wish to amend, he may instead file a notice of voluntary dismissal, and the action then will be terminated by operation of law. Fed. R. Civ. P. 41(a)(1)(A)(i). Alternatively, plaintiff may forego amendment and notify the Court that he wishes to stand on his complaint. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004) (plaintiff may elect to forego amendment). If the last option is chosen, the undersigned will issue findings and recommendations to dismiss the complaint without leave to amend, Plaintiff will have an opportunity to object, and the matter will be decided by a District Judge.

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff should note that although he has been granted the opportunity to amend his complaint, it is not for the purposes of adding new and unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully review this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete without reference to any prior pleading. As a general rule, an amended complaint

supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves a function in the case. Id. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly titled, in bold font, "First Amended Complaint," reference the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Accordingly, the Court **ORDERS** that:

1. The Order to Show Cause (Doc. 8) is **DISCHARGED**;
2. Plaintiff's application to proceed in forma pauperis is **GRANTED** (Doc. 2);
3. The Director of the California Department of Corrections or his designee shall collect payments from Plaintiff's prison trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the prisoner's trust account and shall forward those payments to the Clerk of the Court each time the amount in the account exceeds $10.00, in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350.00 has been collected and forwarded to the Clerk of the Court. The payments shall be clearly identified by the name and case number assigned to this action.
4. The Clerk of the Court is directed to serve a copy of this order and a copy of Plaintiff's in forma pauperis application on the Director of the California Department of Corrections, via the court's electronic case filing system (CM/ECF).
5. The Clerk of the Court is directed to serve a copy of this order on the Financial Department, U.S. District Court, Eastern District of California.
6. Within thirty days from the date of service of this order, Plaintiff must file either a first amended complaint curing the deficiencies identified by the Court in this

order, a notice of voluntary dismissal, or a notice of election to stand on the complaint; and

7. If Plaintiff fails to file a first amended complaint or notice of voluntary dismissal, the Court will recommend the action be dismissed, with prejudice, for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated: **August 3, 2020**        **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE