UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIC (AKA DIAMOND) VARGAS,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | Case No.: 1:20-cv-00083-JLT-CDB (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO (1) DISMISS DEFENDANT RUDICH, (2) DISMISS CLAIM TWO AS TO CERTAIN DEFENDANTS, AND (3) DISMISS CERTAIN PLEADED RELIEF IN PLAINTIFF'S THIRD AMENDED COMPLAINT**<br><br>(Docs. 30 & 33)<br><br>**14-DAY OBJECTION PERIOD** |

Plaintiff Dominic Vargas, also known as Diamond Vargas, is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.

**I.     RELEVANT PROCEDURAL BACKGROUND**

In its Third Screening Order (Doc. 30), the Court found Plaintiff's second amended complaint stated cognizable Eighth Amendment medical indifference claims (Claim I) against Defendants Leslie Taylor, Robert Mitchell, Stephanie Neumann, Tristan Buzzini, Mollie Rudich, and Shama Chaiken,[1] and a Fourteenth Amendment due process claim (Claim II) against

---

[1] The Court mistakenly omitted including Claim I in the "Conclusion and Order" section of the screening order. (*Id.* at 13). As set forth in the body of the screening order (*id.* at 10-11), Plaintiff sufficiently pleaded this claim as to all Defendants except Defendant Macomber.

Defendant Jeff Macomber. (*Id*. at 10-12). However, the Court further found that Plaintiff had failed to allege a Fourteenth Amendment due process claim against any other Defendant, improperly requested injunctive relief in connection with Claim I, and improperly requested a declaratory judgment. (*Id*. at 12).

Plaintiff was granted leave to amend his complaint to cure the deficiencies identified in the Third Screening Order, assuming he could do so in good faith. (*Id*. at 13). On April 19, 2023, Plaintiff filed a "Third Amended Complaint Response and Fixes." (Doc. 33). In that pleading, Plaintiff attested that he "want[ed] to stand on my Second Amended Complaint with these facts added. The following defendants." (*Id.* at 1). Plaintiff thereafter identified four of the named Defendants and largely reiterated allegations relating to those four Defendant that were included in the second amended complaint with various brief additional factual allegations. (*Id.* at 1-2).

Plaintiff attached to his three-page response to the Court's Third Screening Order a photocopy of his second amended complaint. Notably, it appears Plaintiff deleted Defendant Mollie Rudich from the caption of the second amended complaint. (*Cf.* Doc. 20 at 1 *with* Doc. 33 at 4). Accordingly, the Court construes Plaintiff's response as an affirmation that he wishes to stand on his second amended complaint as screened and to dismiss Defendant Mollie Rudich (as reflected in the proposed operative, third amended complaint).

## II.   FINDINGS AND RECOMMENDATIONS

Accordingly, and for the reasons set forth above and in the Court's screening order (Doc. 30), the Court **RECOMMENDS** that:

1. This action proceed on Plaintiff's Eighth Amendment medical indifference claims (Claim I) against Defendants Leslie Taylor, Robert Mitchell, Stephanie Neumann, Tristan Buzzini, and Shama Chaiken, and ON his Fourteenth Amendment due process claim (Claim II) against Defendant Jeff Macomber;
2. Defendant Mollie Rudich be dismissed;
3. Claim II be DISMISSED as to all other Defendants, and
4. Plaintiff's claim for injunctive relief in connection with Claim I and declaratory judgment be STRICKEN.

2

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). Within 14 days of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 2, 2023**                    _____
                                                 UNITED STATES MAGISTRATE JUDGE

3