UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIC (AKA DIAMOND) VARGAS,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | Case No.: 1:20-cv-00083-JLT-CDB (PC)<br><br>**FURTHER ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO COMPLY WITH THE COURT'S ORDER**<br><br>7-DAY DEADLINE |

On December 6, 2023, the Court issued an order finding service of Plaintiff's complaint appropriate and directing e-service on Defendants. (Doc. 36.) The Court directed the California Department of Corrections and Rehabilitation (CDCR), within 40 days, to file a "'CDCR Notice of E-Service Waiver,' advising if the defendants waive service of process without need for personal service by the United States Marshal." *Id.* at 2-3. The Court also directed CDCR to file a waiver of service within 30 days thereafter for all Defendants who waive service. *Id.* at 3.

On January 10, 2024, CDCR timely filed the required Notice of E-Service Waiver on behalf of all six Defendants named in this action. (Doc. 40.) Thereafter, counsel for Defendants filed a "Waiver of Service of Summons" for only five of the six Defendants (*e.g.*, not including Defendant Robert Mitchell). (Doc. 41.) Notwithstanding that more than 30 days passed after the filing of the Notice of E-Service Waiver, Defendant Mitchell did not timely file a waiver of

service or make any other filing.

Accordingly, on February 12, 2024, the Court ordered CDCR to show cause why sanctions should not be imposed for Defendant Mitchell's failure to comply with the Court's order. (Doc. 42.) CDCR timely responded to the show cause order and acknowledged its intention to include Defendant Mitchell among the Defendants who waived service but inadvertently omitted his name due to "a clerical error." (Doc. 43.) CDCR concurrently filed a waiver of service for Defendant Mitchell, extending until March 11, 2024, his time to respond to the complaint. (Doc. 44.)

On March 11, 2024, five of the six Defendants (excepting Defendant Mitchell) filed an answer to the complaint. (Doc. 45 at p. 1) (stating: "In answer to Plaintiff's Third Amended Complaint pursuant to 42 U.S.C. Section 1983, Defendants Neumann, Taylor, Chaiken, Buzzini, and Macomber hereby admit, deny, and allege as follows."). Neither that answer nor counsel for Defendants' earlier filings (Docs. 43, 44) suggest any reason why Defendant Mitchell would not have joined in that responsive pleading. Indeed, that the answer purports to make admissions on behalf of Defendant Mitchell (*see* Doc. 45 at ¶¶ 4, 19) indicates to the Court that Defendant Mitchell's exclusion from the answer may be due to another "clerical error"; however, as the deadline for Defendant Mitchell's response to the complaint has passed, the Court will not speculate.

Accordingly, within seven (7) days of entry of this Order, counsel for Defendants shall show cause in writing why sanctions should not be imposed for Defendant Mitchell's failure to timely respond to the complaint. In the alternative, counsel for Defendants may comply with this Order by filing an amended answer. *See* Fed. R. Civ. P. 15(a).

IT IS SO ORDERED.

Dated:   **March 12, 2024**                              _____
                                                         UNITED STATES MAGISTRATE JUDGE

2