UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIC (AKA DIAMOND) VARGAS,<br><br>  Plaintiff,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>  Defendants. | Case No.: 1:20-cv-000083-JLT-CDB (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL**<br><br>(Doc. 77) |

Plaintiff Dominic Vargas is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.    INTRODUCTION**

On October 11, 2024, Plaintiff filed a document titled "Request Orders by Judge Baker be Vacated, Request to Appoint a New Judge to Case, Request for New Judge to Consider Motions." (Doc. 77.)

The Court construes Plaintiff's filing, in part, to be a motion for recusal.

**II.    DISCUSSION**

*Plaintiff's Request*

Briefly stated, Plaintiff asserts the undersigned did not have the authority to resolve the Order Denying Plaintiff's Request for Counsel or the Order Denying Plaintiff's Request for

Subpoenas and Order Denying Plaintiff's Motion for 90 Day Extension of Time and for Leave to File an Amended Complaint, all issued September 26, 2024. (Doc. 77 at 1.) Plaintiff states he declined magistrate judge jurisdiction on March 3, 2020, requesting the case be assigned to a United States District Judge, and asserts therefore that "orders issued by a magistrate judge are not valid." (*Id*.) Separately, Plaintiff states that because the undersigned referred to Plaintiff using improper pronouns in the aforementioned orders, and because this Court has indicated it will use preferred pronouns consistent with the United States Supreme Court's practice, Plaintiff requests the undersigned "be removed as a judge on this case," that orders issued by the undersigned be vacated, that a district judge be assigned to the action, and that the motions "improperly issued" by the undersigned "be given to the" district judge. (*Id*. at 2-3.)

### *The Applicable Legal Standards*

### **28 U.S.C. Section 144**

28 U.S.C. section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

The standard for recusal under section 144 is "'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *Mayes v. Leipziger*, 729 F.2d 607, 607 (9th Cir. 1984) (citation omitted). To provide adequate grounds for recusal, the prejudice must result from an extrajudicial source since a judge's previous adverse ruling alone is not sufficient for recusal. *Id*.

Section 144 expressly conditions relief upon the filing of a timely and legally sufficient

2

affidavit. A judge who finds the affidavit legally sufficient must proceed no further under section 144 and must assign a different judge to hear the matter. *See* 28 U.S.C. § 144*; United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980). On the other hand, where the affidavit is not legally sufficient, the judge at whom the motion is directed can determine the matter. *See United States v. Scholl*, 166 F.3d 964, 977 (9th Cir. 1999) (citation omitted) (citing *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1388 (9th Cir. 1988) (holding that only after determining the legal sufficiency of a § 144 affidavit is a judge obligated to reassign decision on merits to another judge)). If the affidavit is legally insufficient, then recusal can be denied. *See United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995).

## 28 U.S.C. Section 455

28 U.S.C. section 455, concerning judicial disqualification, provides, in relevant part, as follows:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

28 U.S.C. § 455(a), (b)(1).

"The purpose of § 455 is 'to avoid even the appearance of partiality." *United States v. Baca*, 610 F. Supp.2d 1203, 1211 (E.D. Cal. 2009) (citation omitted). Although a judge must recuse himself from any proceeding in which any of the section 455 criteria apply, he or she must not simply recuse out of an abundance of caution when the facts do not warrant recusal. Instead, there is an equally compelling obligation not to recuse where recusal in not appropriate. *See United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) ("We are as bound to recuse ourselves when the law and facts require as we are to hear cases when there is no reasonable factual basis for recusal"). The standard for recusal under section 455 is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *Perry v. Schwarzenegger*, 630 F.3d 909, 911 (9th Cir. 2011). The

obligation not to recuse is perhaps at its highest when the motion has been brought after the party seeking recusal has sustained an adverse ruling during the action. *United States. v. Sierra Pacific Industries*, 759 F. Supp.2d 1198, 1205-06 (E.D. Cal. 2010).

The decision regarding disqualification is to be made by the judge whose impartiality is at issue. *In re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994) (holding that a motion for recusal must be decided by the very judge whose impartiality is being questioned); *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986) (challenged judge is to rule on legal sufficiency of recusal motion in the first instance); *see Clay v. Brown, Hopkins & Stambaugh*, 892 F. Supp. 11 (D.D.C. 1995) ("Fundamental principles of due process require that the judge being accused of bias be given an opportunity to respond").

*Analysis*

To the extent Plaintiff's filing can be construed as an affidavit and motion for recusal under section 144, it is insufficient. It fails to allege facts that would support the contention that the undersigned has exhibited bias and prejudice directed towards Plaintiff from an extrajudicial source, i.e., outside of his rulings on this case. *See Sibla*, 624 F.2d at 868 ("An affidavit filed pursuant to [§ 144] is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source"). Rather, Plaintiff's motion alleges bias or prejudice arising solely out of judicial actions taken by the undersigned, namely the orders issued on September 26, 2024, denying Plaintiff's request for the appointment of counsel, request for subpoenas, an extension of time, and for leave to file an amended complaint. Thus, the issue raised by Plaintiff in his motion for recusal—the use of improper pronouns in those orders—is not a proper ground to disqualify a judge for bias and prejudice. The United States Supreme Court has held that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Rather, judicial ruling are a basis for appeal, not recusal. *Id.*; *see Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999) ("Leslie's allegations stem entirely from the district judge's adverse rulings. That is not an adequate basis for recusal") (citations omitted).

Concerning section 455, Plaintiff's request for recusal or disqualification only speculates

Case 1:20-cv-00083-JLT-CDB   Document 78   Filed 10/18/24   Page 5 of 6

1  that the undersigned is biased and prejudiced because the orders issued on September 26, 2024,
2  employed the incorrect pronouns in reference to Plaintiff. The undersigned has no knowledge of
3  Plaintiff outside of his work on this case and has no "personal bias or prejudice concerning"
4  Plaintiff, nor any "personal knowledge of disputed evidentiary facts concerning the proceeding."
5  The inadvertent use of incorrect pronouns would not cause a reasonable person with knowledge
6  of all the facts to conclude that the undersigned's impartiality might reasonably be questioned.
7  *Perry*, 630 F.3d at 911; *Holland*, 519 F.3d at 912; *Jensen v. Santa Clara County*, 32 Fed. App'x
8  203, 206 (9th Cir. 2002) (mere allegations of plaintiff seeking damages for injury from pesticide
9  that trial judge had a pesticide bias was not enough to support judge's recusal where plaintiff's
10  complaint had no support in the record); *see Saddozai v. Carwithen*, No. 21-cv-01352 BLF (PR),
11  2022 WL 6584457, at *1 (N.D. Cal. Sept. 21, 2022) ("Plaintiff's assertions regarding personal
12  bias and prejudice are simply conclusory. The Court does not have nor has ever expressed any
13  'discriminatory animus' against Plaintiff based on his poverty, imprisonment, or race, and no
14  improper remarks have ever been made showing lack of impartiality"). And, as noted above, the
15  Court's judicial rulings alone do not constitute a valid basis for a showing of bias or prejudice.
16  *See Liteky*, 510 U.S. at 555; *Maier v. Orr*, 758 F.2d 1578, 1583 (9th Cir. 1985) ("Frivolous and
17  improperly based suggestions that a judge recuse should be firmly declined").

18  In sum, Plaintiff's motion for recusal will be denied.[1]

19  *       *       *       *       *

20  Regarding his assertion that the undersigned magistrate judge was without authority to
21  rule on three of Plaintiff's motions, Plaintiff is incorrect. 28 U.S.C. section 636(b)(1)(B)
22  authorizes the nonconsensual referral of all prisoner petitions to magistrate judges. *See generally*
23  *McCarthy v. Bronson*, 500 U.S. 136 (1991).  Pursuant to this authority, in the Eastern District of
24  California, all actions brought by a person in custody who is seeking relief authorized by 42
25  U.S.C. section 1981 *et seq.*, including dispositive and non-dispositive motions and matters, are
26  assigned to a U.S. magistrate judge.  *See* Local Rule 302(c)(17).  Accordingly, Plaintiff's case

---

[1] To correct the undersigned's oversight in errantly using incorrect pronouns, the challenged orders will be vacated and amended.

5

properly was referred to the undersigned magistrate judge who, contrary to Plaintiff's argument, was authorized to directly rule on the three non-dispositive motions that are the subject of Plaintiff's pending request.

In short, Plaintiff's declination of magistrate judge jurisdiction does not require that a magistrate judge be unassigned to an action, or that a magistrate judge cannot take any action once a party has declined to consent to the jurisdiction of a magistrate judge. Consistent with the above and as noted on the form completed and submitted by Plaintiff in March 2020, a "Magistrate Judge may perform the duties assigned pursuant to 28 U.S.C. 636(c) and Eastern District Local Rule 302. However, a Magistrate Judge may not preside over the trial in this case or make dispositive rulings without all parties' written consent." … *If a party declines to consent, a Magistrate Judge shall continue to perform all duties* as required by Eastern District Local Rule 302." (Italics added.)

Here, the Honorable Jennifer L. Thurston is assigned as district judge in this action. Hence, a district judge need not be assigned as asserted by Plaintiff. Further, as the assigned magistrate judge, the undersigned decides and will continue to decide non-dispositive pretrial matters and matters referred to the undersigned by the district judge for proposed findings and recommendations. Examples of non-dispositive pretrial motions include a motion for the appointment of counsel, a request for an extension of time, a motion for leave to file an amended complaint, and a motion or request for subpoenas.

### III.    CONCLUSION AND ORDER

Based upon the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's motion for recusal (Doc. 77) is **DENIED**.

IT IS SO ORDERED.

Dated:    **October 18, 2024**                                    _____
                                                                                         UNITED STATES MAGISTRATE JUDGE