UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIC (AKA DIAMOND) VARGAS,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | Case No.: 1:20-cv-000083-JLT-CDB (PC)<br><br>**AMENDED ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>(Doc. 64) |

Plaintiff Dominic Vargas is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

The Court issues this amended order pursuant to Rule 60(a) of the Federal Rules of Civil Procedure,[1] and in so doing vacates its previous order (Doc. 75) issued September 26, 2024. *See* (Doc. 78.)

**I.    INTRODUCTION**

On June 27, 2024, Plaintiff filed a "Request for Appointment of Legal Counsel." (Doc. 64.)[2] Briefly stated, Plaintiff relies on the following circumstances to support his request: (1) "the

---

[1] Rule 60(a) provides, in relevant part: "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice."

[2] Plaintiff previously sought the appointment of counsel. (*See* Doc. 21.) That earlier request was denied on August 15, 2021. (Doc. 22.)

'Discovery and Scheduling Order' from May 9, 2024;" (2) his incarceration and inability to depose California Department of Corrections and Rehabilitation (CDCR) staff or expert witness; (3) his lack of legal knowledge and the complexities of the case; (4) his "need to review over 5,000 pages" of documentation and related limited access to that documentation; (5) his need for "detail of the CDCR process for statewide medical authorization review team (SMART), gender affirming surgery review committee (GASRC), and utilization management committees" and the "minutes of the meetings where [he] was denied;" and (6) the need for an expert witness to rebut the CDCR's decisions. (*Id*. at 1-2.)

## II. DISCUSSION

### *Applicable Legal Standards*

Plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks & citations omitted).

### *Analysis*

First, the Court must evaluate the likelihood of Plaintiff's success on the merits of his claims. *Rand*, 113 F.3d at 1525. Although Plaintiff's original and amended complaints were screened[3] by the Court and Defendants have filed an answer to the third amended complaint, a

---

[3] At screening, the Court is tasked with determining whether a plaintiff has sufficiently and plausibly alleged a cause of action or claim entitling the plaintiff to relief. The merits of the allegations are not tested, for the Court is to

likelihood of success on the merits determination is premature as discovery is ongoing in this action.

Next, the Court must also evaluate Plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. *Rand*, 113 F.3d at 1525. First, an Eighth Amendment deliberate indifference to serious medical needs claim such as that presented here is not complex. *See Maldanado v. Merritt*, No. 1:23-cv-00482-JLT-SKO PC, 2023 WL 6751114, at *3 (E.D. Cal. Oct. 12, 2023) ("Eighth Amendment deliberate indifference to serious medical needs claims are not complex"); *Lane v. Beach*, No. 1:20-cv-00147-JLT-GSA-PC, 2023 WL 4936300, at *1 (E.D. Cal. Aug. 2, 2023) ("whether defendant Beach was deliberately indifferent to Plaintiff's serious medical needs … is not complex"); *Ireland v. Solano County Jail,* No. CV-08-2707-LRS, 2010 WL 367776, at *1 (E.D. Cal. Jan. 26, 2010) (same). Moreover, the Court notes that Plaintiff's filings as directed by the Court or its Local Rules have been responsive and reflect Plaintiff is logical and articulate. (*See, e.g*., Docs. 9, 15, 20, 28, 33, 49, 67.)

More generally, Plaintiff is advised that neither incarceration nor indigency are exceptional circumstances warranting the appointment of counsel. *See Tri v. Gutierrez*, No. 1:22-cv-00836-ADA-SKO (PC), 2023 WL 6930783, at *4 (E.D. Cal. Oct. 18, 2023); *Davis v. Portillo*, 2023 WL 4979965, at *2; *Dijkstra v. Campos*, No. 1:21-cv-01223-HBK, 2022 WL 222518, at *1 (E.D. Cal. Jan. 25, 2022) ("Plaintiff's indigence does not qualify 'as an exceptional circumstance in a prisoner civil rights case'"); *Gipbsin v. Kernan*, No. 2:12-cv-0556 KJM DB P, 2021 WL 242570, at *2 (E.D. Cal. Jan. 25, 2021) ("Plaintiff's inability to afford counsel has no bearing on either his likelihood of success on the merits or his ability to articulate his claims pro se").

Moreover, the fact the Court has issued its Discovery and Scheduling Order, that discovery is underway, and that Plaintiff believes certain discovery information is key, does not qualify as an exceptional circumstance warranting the appointment of counsel. *See Wilborn*, 789 F.2d at 1331 (explaining that "[a]lthough discovery was essential..., the need for such discovery does not necessarily qualify the issues involved as 'complex'"). And the fact an attorney would

---

consider factual allegations to be true for purposes of screening.

be better prepared to litigate and try this action, does not amount to an exceptional circumstance warranting the appointment of counsel. *See Rand*, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony"); *Thornton v. Schwarzenegger*, No. 10CV01583 BTM RBB, 2011 WL 90320, at *7 (S.D. Cal. Jan. 11, 2011) (explaining that "[f]actual disputes and anticipated cross-examination of witnesses do not indicate the presence of complex legal issues warranting a finding of exceptional circumstances").

Also, there is little doubt most pro se litigants "find it difficult to articulate [their] claims," and would be better served with the assistance of counsel. *Wilborn*, 789 F.2d at 1331. For this reason, in the absence of counsel, federal courts employ procedures which are highly protective of a pro se litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se complaint to less stringent standard) (per curiam). In fact, where a plaintiff appears pro se in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Thus, where a pro se litigant can "articulate his claims" in light of the relative complexity of the matter, the "exceptional circumstances" which might require the appointment of counsel do not exist. *Wilborn*, 789 F.2d at 1331; accord *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

To the extent Plaintiff declares this case involves medical issues that will require expert testimony, this too is not an exceptional circumstance warranting the appointment of counsel. *Brooks v. Smith*, No. 2:22-cv-0062-DMC-P, 2022 WL 17629298, at *1 (E.D. Cal. Dec. 13, 2022) ("Plaintiff's stated circumstances such as the lack of knowledge, legal rules and procedure, or the potential necessity of an expert witness are common to almost all prisoners and, as such not extraordinary"); *Honeycutt v. Snider*, No. 3:11-cv-00393-RJC (WGC), 2011 WL 6301429, at *1 (D. Nev. Dec. 16, 2011) ("The appointment of experts in deliberate indifference cases is rare, and such requests should be granted sparingly, particularly given the large volume of cases in which

indigent prisoners allege claims under the Eighth Amendment related to medical care, and the substantial expense defendants may have to bear if courts were to appoint experts in such cases"). Further, Rule 706 of the Federal Rules of Evidence is not a means to avoid the *in forma pauperis* statute and its prohibition against using public funds to pay for the expenses of witnesses. *Manriquez v. Huchins*, No. 1:09-cv-00456-LJO-BAM PC, 2012 WL 5880431, at *12 (E.D. Cal. Nov. 21, 2012). Nor does Rule 706 contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff. *Faletogo v. Moya*, No. 12cv631 GPC (WMc), 2013 WL 524037, at *2 (S.D. Cal. Feb. 23, 2013). The appointment of an expert witness under Rule 706 is intended to benefit the trier of fact, not a particular litigant. *Faletogo*, 2013 WL 524037, at *2; *Bontemps v. Lee*, No. 2:12-cv-0771 KJN P, 2013 WL 417790, at *3-4 (E.D. Cal. Jan. 31, 2013); *Honeycutt*, 2011 WL 6301429, at *1.

In sum, the test is not whether Plaintiff would benefit from the appointment of counsel; the test is whether exceptional circumstances exist. Here, no exceptional circumstances exist warranting the appointment of counsel.

### III.    CONCLUSION AND ORDER

Accordingly, for the reasons given above, the Court **HEREBY ORDERS** that Plaintiff's request for the appointment of counsel (Doc. 64) is **DENIED**.

The Court's prior order (Doc. 75) is **VACATED** and replaced with this amended order.

IT IS SO ORDERED.

Dated:   **October 18, 2024**                              _____
                                                          UNITED STATES MAGISTRATE JUDGE

5