1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11   DOMINIC (AKA DIAMOND) VARGAS,        | Case No.: 1:20-cv-000083-JLT-CDB (PC)

12              Plaintiff,                  **ORDER GRANTING DEFENDANTS'
                                            MOTION TO MODIFY THE DISCOVERY
13        v.                                AND SCHEDULING ORDER**

14   CALIFORNIA DEPARTMENT OF              (Doc. 82)
     CORRECTIONS AND
15   REHABILITATION, et al.,               **ORDER DENYING PLAINTIFF'S
                                            REQUEST FOR AN EXTENSION OF TIME
16              Defendants.                 AS MOOT**

17                                         (Doc. 83)

18

19        Plaintiff Dominic Vargas is proceeding pro se and *in forma pauperis* in this civil rights

20   action pursuant to 42 U.S.C. § 1983.

21   **I.      INTRODUCTION**

22        On November 15, 2024, Defendants filed a motion to modify the Discovery and

23   Scheduling Order. (Doc. 82.)

24        On November 21, 2024, Plaintiff filed a document titled "Motion for 90-day [extension]

25   for discovery." (Doc. 83.) On November 21, 2024, Defendants filed a statement of non-

26   opposition to Plaintiff's request. (Doc. 84.)

27   //

28   //

## II.   DISCUSSION

### *Defendants' Motion to Modify the Discovery and Scheduling Order (Doc. 82)*

Defendants contend good cause exists to modify the Discovery and Scheduling Order because Plaintiff has not yet responded to their request for production of documents, and because Plaintiff's deposition, presently scheduled for December 4, 2024, would be more suitably conducted after the phalloplasty. The phalloplasty procedure has been approved and is "pending completion within 12 months." Specifically, Defendants seeks to extend the deadline for the completion of discovery to November 7, 2025, and the deadline for filing a dispositive motion to January 20, 2026. Defendants state they attempted to obtain a stipulated request to modify the scheduling order, however, the parties were unable to reach an agreement. Defendants' motion is supported by the declarations of E. Joelson, M.D., and defense counsel Juliet Lompa.

Plaintiff has not filed an opposition to Defendants' motion and the Court finds one unnecessary.

### *Plaintiff's Request for a 90-Day Extension of Time (Doc. 83)*

Plaintiff requests a 90-day extension "to complete [questionnaires] and discovery phase." Plaintiff states that he has encountered difficulty getting to the law library due to "prison conditions, holiday schedules, and ongoing medical treatment." He states the institution was recently "without power and locked down due to a blown transformer," preventing the use of his tablet for research and without "light to review paper documents." Plaintiff notes that his request for assistance with copies of discovery requested by Defendants was denied. Plaintiff's request is supported by a copy of an Inmate Request for Interview form dated October 8, 2024.

Defendants state they do not oppose Plaintiff's request but prefer the Court grant their motion to modify the scheduling order. In the event the Court were to deny their motion, Defendants "join in Plaintiff's request for a 90-day extension of time to complete discovery …."

### *Analysis*

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This good cause standard "primarily considers the diligence of the party seeking the amendment."

*Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id*. If the party was not diligent, the inquiry should end. *Id.*

Defendants' motion is supported by the Declaration of E. Joelson, M.D. Dr. Joelson declares, in relevant part, that he estimates Plaintiff's phalloplasty surgery could be scheduled within 12 months "assuming there are no unanticipated institutional issues that may cause delay with scheduling Vargas for surgery with outside non-CDCR surgery centers." The motion is further supported by the Declaration of Juliet Lompa. Ms. Lompa declares she has diligently investigated Plaintiff's allegations and conducted discovery, including setting Plaintiff's deposition for December 4, 2024. She believes postponing Plaintiff's deposition until after the phalloplasty procedure would be more productive, allowing her to inquire about the "treatment course" and Plaintiff's satisfaction with it. Further, it appears the parties are working toward a solution concerning the 4,000 pages of discovery materials Plaintiff indicated are responsive to Defendants' request.

Considering the parties' requests, and the procedural posture of this action, the Court finds good cause to modify the scheduling order as requested by Defendants. The Court notes that by modifying the scheduling order, Plaintiff's request for a 90-day extension of time becomes moot.

### III.   CONCLUSION AND ORDER

Accordingly, and for good cause shown, the Court **ORDERS** that:

1.   Defendants' motion to modify the scheduling order (Doc. 82) is **GRANTED**;

2.   The Discovery and Scheduling Order is **MODIFIED** as follows:

  a.   The deadline for the completion of discovery is extended from January 9, 2025, to **November 7, 2025**;

  b.   The deadline for the filing of dispositive motions is extended from March 30, 2025, to **January 20, 2026**; and

//

//

//

3. Plaintiff's request for a 90-day extension of time (Doc. 83) is **DENIED** as moot in light foregoing modification of the scheduling order.

IT IS SO ORDERED.

Dated:  **December 6, 2024**

_____
UNITED STATES MAGISTRATE JUDGE