UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIC (AKA DIAMOND) VARGAS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　　　Defendants. | Case No.: 1:20-cv-000083-JLT-CDB (PC)<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL FILED DECEMBER 5, 2024**<br><br>(Doc. 85) |

Plaintiff Dominic Vargas is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.　　INTRODUCTION**

On December 5, 2024, Plaintiff filed a document titled "Motion to Appointment Counsel Due to Exceptional Circumstances." (Doc. 84.) Briefly stated, Plaintiff contends "numerous events" following an earlier denial of his request for the appointment of counsel reveal exceptional circumstances warranting the appointment of counsel: (1) due to various surgeries and recovery times, relating to Plaintiff's gender dysphoria and other medical conditions, Plaintiff has been unable go to the law library or work on the case; thus, Plaintiff's ability to prosecute the action has been inhibited and is likely to continue to be so through 2025 and possibly into 2026; (2) Plaintiff is presently enduring an "ongoing injury" relating to "mismanaged wound care,"

reopening of the wound, denial of wound care supplies, the necessity of surgical staple removal, a lack of "surgical follow-up," skin sensitivity due to tape adhesives, nursing staff shortages, inside and outside facility staff referring to Plaintiff "as 'she,'" law library staff and the litigation coordinator's refusal to copy requested documents, and delay concerning information provided to a contract surgeon, all impacting Plaintiff's mental health and impeding his ability to prosecute the case; (3) lack of legal knowledge and how to proceed concerning (a) who represents Robert Mitchell; (b) what course of action should be taken for Attorney Lompa allowing Plaintiff to believe she was his appointed attorney; (c) whether Plaintiff should add E. Joelson as a defendant in the action; (d) how to address Joelson's factual errors asserted in his declaration; and (e) the defense's request to modify the scheduling order; (4) his treatment for severe mental illness exacerbated by enduring extensive medical procedures while trying to navigate the legal obstacles in this complex case; and (5) his resources "are limited and going away."

## II.   DISCUSSION

### *Applicable Legal Standards*

Plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks & citations omitted).

### *Analysis*

First, the Court must evaluate the likelihood of Plaintiff's success on the merits of his claims. *Rand*, 113 F.3d at 1525. As before, the Court finds that although Plaintiff's original and

1  amended complaints were screened[1] by the Court and Defendants have filed an answer to the
2  third amended complaint, a likelihood of success on the merits determination is premature as
3  discovery is ongoing in this action. Discovery is presently set to be completed by November 7,
4  2025. (*See* Doc. 86.)

5  Next, the Court must also evaluate Plaintiff's ability to articulate his claims pro se in light
6  of the complexity of the legal issues involved. *Rand*, 113 F.3d at 1525. As before, the Court finds
7  an Eighth Amendment deliberate indifference to serious medical needs claim such as that
8  presented here is not complex. *See Maldanado v. Merritt*, No. 1:23-cv-00482-JLT-SKO PC, 2023
9  WL 6751114, at *3 (E.D. Cal. Oct. 12, 2023) ("Eighth Amendment deliberate indifference to
10 serious medical needs claims are not complex"); *Lane v. Beach*, No. 1:20-cv-00147-JLT-GSA-
11 PC, 2023 WL 4936300, at *1 (E.D. Cal. Aug. 2, 2023) ("whether defendant Beach was
12 deliberately indifferent to Plaintiff's serious medical needs … is not complex"); *see also Ramirez*
13 *v. Miranda*, No. 3:20-cv-2280-DMS-AHG, 2021 WL 11622610, at *1-2 (S.D. Cal. July 22, 2021)
14 (despite case involving "'gender dysphoria[,] a complex mental health condition,'" the
15 appointment of counsel was not warranted because "Plaintiff has demonstrated from the outset of
16 the case that she can ably articulate her claims" without the assistance of counsel). Here, as
17 before, the Court notes that Plaintiff's filings have been responsive and reflect Plaintiff is logical
18 and articulate. (*See, e.g*., Docs. 9, 15, 20, 28, 33, 49, 67, 71, 77.)

19 As concerns Plaintiff's lack of legal knowledge and limited law library access, those too
20 are not exceptional circumstances; rather, they are circumstances common to nearly all pro se
21 prisoner litigants. *See, e.g*., *Escamilla v. Oboyle*, No. 2:22-cv-2038 KJM AC P, 2023 WL
22 2918028, at *1 (E.D. Cal. Apr. 12, 2023) ("Circumstances common to most prisoners, such as a
23 lack of legal education and limited law library access, do not establish exceptional circumstances
24 that would warrant a request for voluntary assistance of counsel"); *Faultry v. Saechao*, No. 2:18-
25 cv-1850 KJM AC P, 2020 WL 2561596, at *2 (E.D. Cal., May 20, 2020) (same); *Callender v.*

---

[1] At screening, the Court is tasked with determining whether a plaintiff has sufficiently and plausibly alleged a cause of action or claim entitling the plaintiff to relief. The merits of the allegations are not tested, for the Court is to consider factual allegations to be true for purposes of screening.

*Ramm*, No. 2:16-cv-0694 JAM AC P, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018) ("The law is clear: neither plaintiff's indigence, nor his lack of education, nor his lack of legal expertise warrant the appointment of counsel"); *Galvan v. Fox*, No. 2:15-CV-01798-KJM (DB), 2017 WL 1353754, at *8 (E.D. Cal. Apr. 12, 2017) ("Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel").

While the Court sympathizes that Plaintiff's mental health is suffering from the stress of prosecuting this action during the course of ongoing medical treatment, mental illness and disability do not typically establish exceptional circumstances warranting the appointment of counsel. *See, e.g.*, *Jones v. Kuppinger*, No. 2:13-cv-0451 WBS AC P, 2015 WL 5522290, at *3-*4 (E.D. Cal. Sept. 17, 2015) ("[c]ircumstances common to most prisoners, such as a deficient general education, lack of knowledge of the law, mental illness and disability, do not in themselves establish exceptional circumstances warranting appointment of voluntary civil counsel"); *Fletcher v. Quin*, No. 3:15-cv-2156-GPC-NLS, 2018 WL 840174, at *2 (S.D. Cal. Feb. 13, 2018) (impairment must be "an incapacitating mental disability" and be supported by "substantial evidence of incompetence"); *Jones v. Stieferman*, 2007 WL 4219169, at *1 (E.D. Cal., Nov. 29, 2007) ("being disabled and requiring use of a wheelchair to assist with mobility is not the type of exceptional circumstances which allow the court to request voluntary assistance of counsel"); *see also McElroy v. Cox*, No. 08-1221-JM (AJB), 2009 WL 4895360, at *2 (E.D. Cal. Dec. 11, 2009).

The fact an attorney would be better prepared to litigate and try this action, does not amount to an exceptional circumstance warranting the appointment of counsel. *See Rand*, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony"). There is little doubt most pro se litigants find it difficult to articulate their claims and would be better served with the assistance of counsel. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). For this reason, in the absence of counsel, federal courts employ procedures which are highly protective of a pro se

1   litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se complaint to less
2   stringent standard) (per curiam). In fact, where a plaintiff appears pro se in a civil rights case, the
3   court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt.
4   *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal
5   construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258,
6   1261 (9th Cir. 1992). Thus, where a pro se litigant can "articulate his claims" in light of the
7   relative complexity of the matter, the "exceptional circumstances" which might require the
8   appointment of counsel do not exist. *Wilborn*, 789 F.2d at 1331; accord *Palmer v. Valdez*, 560
9   F.3d 965, 970 (9th Cir. 2009).

10   The Court briefly addresses statements by Plaintiff concerning the representation of
11   Robert Mitchell, defense counsel Juliet Lompa, and modification of the scheduling order. First,
12   Robert Mitchell is represented by the Attorney General's Office, as reflected in the Amended
13   Answer to Plaintiff's Third Amended Complaint, filed March 13, 2024 (see Doc. 47 at 1, n.1
14   ["Defendants submit this amended answer in compliance with the Court's March 13, 2024
15   Order … This amended answer adds Defendant R. Mitchell"]), notwithstanding any discrepancy
16   in the heading of a subsequently filed pleading. Second, this Court has adequately addressed the
17   issue of Ms. Lompa's telephone conversation with Plaintiff on or about April 26, 2024, when it
18   denied Plaintiff's request for a subpoena. (*See* Doc. 79 at 2-6.) Lastly, the Court has broad
19   discretion to control discovery. *See* Fed. R. Civ. P. 16(b); Local Rule 302(c)(1). Although
20   Plaintiff would have preferred a 90-day modification of the scheduling order, the Court found
21   Defendants' request for further extensions of discovery deadlines to be supported by good cause.

22   In sum, the test is not whether Plaintiff would benefit from the appointment of counsel;
23   the test is whether exceptional circumstances exist. Here, no exceptional circumstances exist
24   warranting the appointment of counsel.
25   //
26   //
27   //
28   //

5

### III. CONCLUSION AND ORDER

Accordingly, for the reasons given above, the Court **HEREBY ORDERS** that Plaintiff's motion for the appointment of counsel (Doc. 85) is **DENIED**.

IT IS SO ORDERED.

Dated: **December 27, 2024**

_____
UNITED STATES MAGISTRATE JUDGE