UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIC (AKA DIAMOND) VARGAS,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | Case No.: 1:20-cv-000083-JLT-CDB (PC)<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT**<br><br>(Doc. 87) |

Plaintiff Dominic Vargas is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.   BACKGROUND**

In its amended order issued October 18, 2024, the Court denied Plaintiff leave to file a fourth amended complaint. (Doc. 79.) Specifically, the Court found: "updates and clarifications" regarding "ongoing violations" were unnecessary; that the proposed fourth amended complaint improperly sought to name defendants in their individual and official capacities; improperly sought to add former public officers as defendants; improperly sought to order non-parties to "perform procedures 'in a more timely fashion'" and was not narrowly drawn. (*Id*. at 9-11.) As such, the Court concluded the applicable *Foman*[1] factors weighed against granting leave to

---

[1] *Foman v. Davis*, 371 U.S. 178 (1962).

1 amend.

2     On December 27, 2024, Plaintiff filed a document titled "Motion to File Fourth Amended
3 Complaint." (Doc. 87.) Defendants filed an opposition on January 3, 2025. (Doc. 89.)

4     **II.**    **DISCUSSION**

5         *Plaintiff's Motion*

6     Plaintiff contends permitting him to file a fourth amended complaint no longer presents "a
7 risk to delaying the discovery schedule" after the Court "approved the defendant's motion to
8 postpone discovery until Nov 2025 (1 year)." (Doc. 87 at 1.) Plaintiff further asserts there are no
9 unrelated claims. (*Id*.) Plaintiff states he missed the August 9, 2024, deadline because he
10 "underwent hysterectomy in July of 2024" and "chest reconstruction surgery September 12,
11 2024." (*Id*. at 1-2.) Next, Plaintiff asserts he does not seek to add any defendants. (*Id*. at 2.)
12 Plaintiff contends that despite Defendants' assertions to the contrary, he has not "had numerous
13 opportunities to amend his complaint." (*Id*.) Plaintiff maintains his injuries "are on-going" and
14 provides an example: during a December 20, 2024, eleven-hour transport, Plaintiff was given
15 three "peanut butter lunches" and a single bottle of water despite being allergic to peanuts. (*Id*.)
16 Plaintiff states this "happens every transport despite [his] repeatedly notifying transport" of the
17 documented allergy. (*Id*.) Plaintiff also states his surgeon "had to change the donor site for
18 Plaintiff's phalloplasty procedure." In conclusion, Plaintiff asks the Court to file the fourth
19 amended complaint "filed September 16, 2024." (*Id*.)

20         *Defendants' Opposition*

21     Defendants "interpret Plaintiff's motion as a request for relief from an order pursuant to
22 Federal Rules of Civil Procedure 60(b)." (Doc. 89 at 1.) Defendants contend Plaintiff's motion
23 must be denied because he failed to address five grounds upon which this Court's prior denial
24 order was based. (*Id*. at 1-2.) Thus, they assert, Plaintiff has failed to submit "any reason that
25 justifies the Court changing its [previous] order." (*Id*. at 2.) Finally, Defendants maintain that
26 whether the motion seeks relief from the prior order or is considered a "new motion to file a
27 Fourth Amended complaint, it should be denied." (*Id*.)

28 ///

*Analysis*

The undersigned does not construe Plaintiff's motion to arise under Rule 60(b) of the Federal Rules of Civil Procedure.[2] Nevertheless, for all the reasons stated in the Court's October 18, 2024, order, Plaintiff's renewed motion to file a fourth amended complaint will be denied. (*See* Doc. 79 at 9-11.)

The Court will not repeat Rule 15 of the Federal Rules of Civil Procedure here. (*See* Doc. 79 at 8-9.) To the extent Plaintiff's instant motion offers new bases upon which to permit him leave to file a fourth amended complaint, they are unpersuasive.

First, the Court's December 6, 2024, order granting Defendants' motion to modify the Discovery and Scheduling Order did not extend the deadline for filing an amended pleading; the order modified only the deadlines for the completion of discovery and the filing of dispositive motions. (*See* Doc. 86 at 3.) Stated another way, that order did not reset the deadline to amend pleadings—the deadline remained August 9, 2024, well before the instant motion seeking leave to file an amended complaint was filed.

Second, the Court disagrees with Plaintiff's assertion that his proposed fourth amended complaint does not include unrelated claims. Plaintiff's own example of a purported "ongoing claim" instead concerns what appears to be an Eighth Amendment claim involving deliberate indifference to Plaintiff's dietary restriction involving a peanut allergy. Such claims are indeed unrelated to the claims in this action. Fed. R. Civ. P. 20; *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see, e.g.*, *Lawrie v. Pfeiffer*, No. 1:21-cv-00724 KES GSA (PC), 2024 WL 4495460, at *1-2 (E.D. Cal. Oct. 15, 2024) (denying leave to amend to include unrelated claims); *Williams v. Aceves*, No. 2:21-cv-00921-DAD-KJN (PC), 2023 WL 3570468, at *1 (E.D. Cal. May 18, 2023) (denying leave to amend where plaintiff's motion was filed after the deadline for doing so had passed and involved "new (and unrelated)" claims). Additionally, such claims would appear to involve different defendants. Plaintiff does not identify any specific individual involved other than a vague reference to having "notified transport" on multiple occasions. Nevertheless, the

---

[2] Rule 60(b) of the Federal Rules of Civil Procedure concerns the grounds for seeking relief from a final judgment, order, or proceeding. Rule 60(c) concerns the timing and effect of such a motion.

Court finds it unlikely that the individuals who allegedly ignored Plaintiff's dietary restriction involving a peanut allergy include named Defendants Taylor, Mitchell, Neumann, Buzzini, Chaiken, or Macomber. *See e.g., Womack v. Windsor*, No. 2:15-cv-0533 KJN P, 2016 WL 3217923, at *2-3 (E.D. Cal. June 2016) (denying leave to amend where plaintiff again sought to raise unrelated claims against new defendants). In short, any claim or claims involving deliberate indifference to a dietary restriction related to Plaintiff's peanut allergies are not related or "ongoing" to any claims in this action and involve additional defendants.

Third, Plaintiff again seeks to file the fourth amended complaint he lodged with this Court on September 16, 2024, but ignores the numerous deficiencies identified in the Court's October 18, 2024, order. Even were the Court persuaded by Plaintiff's instant motion, the fourth amended complaint lodged on September 16, 2024, remains deficient and improperly pled.

Finally, to the extent Plaintiff contends he has not had numerous or sufficient opportunities to amend his complaint, the Court disagrees. During screening, Plaintiff was afforded three opportunities to file an amended complaint. (*See* Doc. 13 at 8-9, Doc. 17 at 9-11 & Doc. 30 at 13-14.) And the Court previously considered the proposed fourth amended complaint, but denied Plaintiff leave to amend for all the reasons outlined in its October 18, 2024, order.

In sum, for the reasons given in the Court's October 18, 2024, order and in this order, Plaintiff's motion will be denied.

### III. CONCLUSION AND ORDER

Accordingly, and for the reasons given above, the Court **HEREBY ORDERS** that Plaintiff's motion for leave to file a fourth amended complaint (Doc. 87) is **DENIED**.

IT IS SO ORDERED.

Dated: **January 31, 2025**

UNITED STATES MAGISTRATE JUDGE