Rob Bonta, State Bar No. 202668
Attorney General of California
Kyle A. Lewis, State Bar No. 201041
Supervising Deputy Attorney General
Juliet Lompa, State Bar No. 140980
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 510-3365
  Fax:  (415) 703-5843
  E-mail:  Juliet.Lompa@doj.ca.gov
Attorneys for Defendants S. Neumann, L. Taylor,
S. Chaiken, T. Buzzini, R. Mitchell and J. Macomber

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| DOMINIC (AKA DIAMOND) VARGAS,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | 1:20-cv-00083-JLT-CDB<br><br>**DECLARATION OF S. CHAIKEN IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Judge:        The Hon. Christopher D. Baker<br>Trial Date:   Not Set<br>Action Filed: January 16, 2020 |

I, S. Chaiken, declare:

1.      I make the following declaration of facts based upon my own knowledge, except those matters expressly based on information and belief, which I believe to be true.  If called, I can testify competently to the facts contained in this declaration.

2.      I completed my doctorate at the California School of Professional Psychology (now Alliant International University) in 1995.  I have been licensed in California as a Psychologist since 1996.

3.      I was initially hired by the California Department of Corrections and Rehabilitation (CDCR) as Chief Psychologist in 2009, and I worked in this classification (though in different

1

jobs/locations) until my retirement on November 2, 2021, except for January 2014 – September 2015 when I worked as Chief Executive Officer (Limited Term) at California State Prison, Sacramento. I served as the Chair of the Gender Affirming Surgery Review Committee (GASRC), from January 2019 to approximately January 2021, and as a member of GASRC until my retirement on November 2, 2021. I am currently employed in private practice.

4. As the Chair of GASRC, my duties included reviewing medical and mental health reports to determine if gender-affirming surgery (GAS) was medically necessary on a case-by-case basis; ensuring that recommendations for approval or denial were based on established CCHCS policies, care guides, and professional standards of care such as World Professional Association for Transgender Health (WPATH); working with the committee to evaluate whether the patient met all criteria, including a documented diagnosis of gender dysphoria by a CCHCS mental health provider, co-existing medical and mental health conditions were stable for at least one year, and the request was not primarily due to factors other than gender dysphoria; and guiding the committee in making the final decision to approve, approve with conditions, or deny the request.

5. I understand that I am a defendant in the above-entitled action filed by Dominic "Diamond" Vargas (CDCR No. WF6174), a California state inmate who was incarcerated at Central California Women's Facility at all times relevant to this action. As summarized in the Court's Screening Orders (ECF Nos. 30, 34, and 35), Vargas's pleading asserts an Eighth Amendment deliberate indifference claim relating to denial of Plaintiff's request for GAS. Vargas alleges I am or was "a doctor on the SMART Committee," and as members of the SMART and GASRC "those Defendants had authority to grant or deny Plaintiff's access to gender transition surgeries and are responsible for denying Plaintiff access to medically necessary care . . ." (ECF No. 33 at 10.)

6. I was a member of the Gender Affirming Surgery Review Committee (GASRC); I was not a member of the Statewide Medical Authorization Review Team (SMART) Committee. On October 29, 2019, my fellow GASRC members and I reviewed Vargas's request for GAS, specifically bilateral reduction mammoplasty, hysterectomy, salpingo-oophorectomy, and

2

procedures for phalloplasty, to include urethroplasty, scrotoplasty, and placement of testicular prostheses, and the submitted reports from Vargas's mental health clinicians and medical providers. We also consulted with the mental health and medical clinicians familiar with Vargas as well as representatives from CDCR custody staff. After careful review and discussion, the GASRC Committee made the following determinations: 1) this 52-year-old transgender male patient, designated female at birth, had a confirmed diagnosis of gender dysphoria; 2) the patient was diagnosed with Bipolar Disorder Not Otherwise Specified (NOS) in April 2019, and in September 2019 he was described as manic, and refusing further medications; 3) these mental health concerns posed a contraindication to surgery, as it was possible these conditions would worsen with or impede surgical recovery; 4) the patient had continuously manifested a desire to live and to be accepted as a member of the preferred sex for at least two years; 5) the patient received at least 12 continuous months of medically supervised hormone therapy appropriate to his gender goals; 6) the patient reported distress related to gender dysphoria. Impairment due to gender dysphoria is difficult to differentiate from impairment due to other conditions; and 7) there are co-existing mental health symptoms contributing to the observed impairment. It is unknown whether surgery will provide relief due to the presence of impairment attributable to pre-existing conditions.

7.   Due to the findings outlined above, on October 29, 2019, the GASRC recommended a finding of "Not Approved" for Mr. Vargas's request for GAS.

8.   On December 29, 2020, my fellow GASRC members and I reviewed Vargas's request for GAS, specifically bilateral reduction mammoplasty, hysterectomy, salpingo-oophorectomy, and procedures for phalloplasty, to include urethroplasty, scrotoplasty, and placement of testicular prostheses, and the submitted reports from Vargas's mental health clinicians and medical providers. We also consulted with the mental health and medical clinicians familiar with Vargas as well as representatives from CDCR custody staff. After careful review and discussion, the GASRC Committee made the following determinations: 1) this 53-year-old transgender male patient, designated female at birth, had a confirmed diagnosis of gender dysphoria; 2) the patient suffered from chronic kidney disease stage 3, which had not been further evaluated. The primary

3

care provider would be ordering a renal ultrasound as well as a nephrology eConsult. While the patient's mood lability had improved in the past year, he continued to demonstrate intermittent mood symptoms and disruptive behavior. The patient had declined medications that may help stabilize his mood; 3) the patient reported a high level of distress related to his breasts and genitals. He avoided looking at his chest. He bound his chest and layered clothing to reduce the appearance of his breasts. He used a sheet for visual privacy while showering. He reported distracting gender dysphoria "noise" and rumination about his body not being masculine. He expressed wanting to have a functioning penis instead of an enlarged clitoris. He reported feeling embarrassed about his body; 4) the patient expresse a fear of living in a prison with men and prefered to remain housed in a facility designed for women; 5) there was evidence that suggested the patient did not have the ability to adjust medically and psychologically to their new environment postoperatively (including complying with medical and mental health interventions). The patient had a history of declining psychotropic medications; 6) the patient had received 12 continuous months of medically supervised hormone therapy appropriate to his gender goals; 7) the patient had lived full time in his gender role for at least 12 months.

9.    Due to the findings outlined above, on December 29, 2020, the GASRC recommended a finding of "Approved" for Mr. Vargas's request for Mammoplasty and any related chest surgery, and "Not Approved" for Mr. Vargas's request for any lower body surgery until medical and mental health conditions had been fully assessed and well controlled for at least one year.

10. I was not involved in any other requests for GAS by Vargas.

11. I unequivocally deny that I was ever deliberately indifferent to Vargas's serious medical needs or disregarded an excessive risk to his health and safety. To the contrary, I, along with my fellow GASRC members, carefully reviewed Mr. Vargas's mental health and medical records and concluded that it was medically acceptable under the circumstances to deny his request for gender affirming surgery in October 2019, because we identified mental health concerns that possibly posed a contraindication to surgery; and to grant mammoplasty surgery and deny lower body surgery in December 2020, because we identified he suffered from chronic

kidney disease stage 3 that required further evaluation before lower body surgery could be performed.

I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct.

Executed on April 7, 2026, at Cameron Park, California.

_S. Chaiken Ph.D._
S. Chaiken, Ph.D.

Declaration of S. Chaiken in Support of Defendants' MSJ (1:20-cv-00083-JLT-CDB)