UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIC (AKA DIAMOND) VARGAS,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | Case No.: 1:20-cv-000083-JLT-CDB (PC)<br><br>**ORDER DENYING PLAINTIFF'S CONSTRUED MOTION TO COMPEL**<br><br>(Doc. 97) |

Plaintiff Dominic Vargas is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

## I.     RELEVANT BACKGROUND

On May 9, 2024, the Court issued its Discovery and Scheduling Order in this action. (Doc. 61.) Relevant here, the deadline for the completion of all discovery was initially set for January 9, 2025. (*Id*. at 1, 2.)

Thereafter, the deadline for the completion of all discovery was modified from January 9, 2025, to November 7, 2025 (*see* Doc. 86) and then from November 7, 2025, to February 5, 2026 (*see* Doc. 93).

On April 16, 2026, Plaintiff filed a "Request for Judge Mediated Depositions." (Doc. 97.) The Court finds a response by Defendants to be unnecessary.

## II.    DISCUSSION

### *Plaintiff's Request*

Plaintiff requests "judge mediated depositions" and states the following: (1) Defendant Mitchell "continuously claim[s] questions are vague and ambiguous" and "refused to answer certain questions;" (2) Defendant Neumann "continuously claim[s] questions are vague and ambiguous" and "claimed that she was not on GAS or SMART committees" where documents suggest otherwise, necessitating follow up questions; (3) Defendant Chaiken claims the questions are vague and ambiguous; (4) Defendant Taylor claims the questions are vague and ambiguous, thus follow up questions are necessary; (5) Defendant Macomber "continuously describe[s] the questions as vague and ambiguous," "did not answer role CDCR custody is playing in delay of care," his responses "appear to be a deliberate attempt to avoid answering questions," and follow up questions are necessary; and (6) Defendant Buzzini describes the questions as vague and ambiguous, claims "not to be aware of meeting or documentation protocols despite being a member of the committees," and "avoided answering questions in any meaningful detail." (Doc. 97 at 1-2.) Therefore, Plaintiff seeks "a Judge mediated deposition of each defendant to get full disclosure and allow the case to [proceed]."[1] (*Id*. at 2.) It is signed and dated April 13, 2026. (*Id*.)

### *Analysis*

The Court has broad authority to manage its docket and control discovery. *See, e.g*., *Landis v. North American Co*., 299 U.S. 248, 254 (1936); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) ("broad discretion is vested in the trial court to permit or deny discovery").

Generally, if a responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating that the objections are unjustified. *See, e.g.*, *Grabek v. Dickinson*, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); *Womack v. Virga*, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011). This requires the moving party to inform the court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is

---

[1] The Court does not conduct discovery. *See, e.g*., *Merino v. Gomez*, No. 2:21-cv-0572 TLN KJN P, 2022 WL 16575651, at *1 (E.D. Cal. Nov. 1, 2022) (court not authorized to conduct discovery on plaintiff's behalf).

2

relevant and why the objections lack merit. *Grabek*, 2012 WL 113799, at *1; *Womack*, 2011 WL 6703958, at *3.

Here, Plaintiff's request — construed by the Court to be a motion to compel despite its title — will be denied. Significantly, the motion is untimely. It was filed about 67 days after the relevant deadline. As noted above, the deadline for the completion of all discovery was extended to February 5, 2026, and was not extended beyond that date. And, as stated in the Discovery and Scheduling Order, issued nearly two years ago, "all motions to compel discovery" must be filed by the "deadline for the completion of all discovery." (*See* Doc. 61 at 2.) That same order continues: "Absent good cause, discovery motions will not be considered if filed after the discovery deadline. Therefore, *discovery requests and deposition notices must be served sufficiently in advance of the discovery deadline to permit time for a response and time to prepare and file a motion to compel*." (*Id*., italics added.)

Notably too, even were Plaintiff's motion timely, it is insufficient because Plaintiff fails to meet his burden as the moving party. Plaintiff's motion does not indicate when his discovery requests were served or when any responses were due, nor are copies of those documents included from which such information might be gleaned. (*See* Doc. 4 at 4 ["If a response to discovery is found to be unsatisfactory, the party seeking discovery may file a motion to compel a further response and in that case must include a copy of the discovery propounded and the response to it"].) Nor does Plaintiff indicate *why* Defendants' vague and ambiguous responses to unspecified questions objectionable or unsatisfactory. *Grabek*, 2012 WL 113799, at *1; *Womack*, 2011 WL 6703958, at *3.

In conclusion, the Court notes the discovery phase in this action has concluded. No party moved to modify the scheduling order after the Court's October 14, 2025, order extending the discovery cut off deadline to February 5, 2026.

Additionally, the Court notes that Defendants have recently filed a motion for summary judgment addressing the merits of Plaintiff's claims. (*See* Doc. 96.) Plaintiff's opposition to the

summary judgment motion must be filed[2] no later than May 4, 2026.[3] In the event Plaintiff requires additional time within which to prepare, submit, and file an opposition, he must request an extension of time before that date.[4]

### III.   CONCLUSION AND ORDER

Accordingly, for the reasons stated above, the Court **HEREBY ORDERS** that Plaintiff's motion to compel (Doc. 97) is **DENIED**.

IT IS SO ORDERED.

Dated:   __**April 17, 2026**__                    _____
                                                  UNITED STATES MAGISTRATE JUDGE

---

[2] Pursuant to the prison mailbox rule, a pleading filed by a pro se prisoner is deemed to be filed as of the date the prisoner delivered it to the prison authorities for mailing to the court clerk. *See Houston v. Lack*, 487 U.S. 266, 270 (1988); *Douglas v. Noelle*, 567 F.3d 1103, 1108-09 (9th Cir. 2009) (mailbox rule articulated in *Houston* applies to civil rights actions). For purposes of the mailbox rule, "on all documents filed with the Court, the pro se plaintiff must attach a Proof of Service, indicating the date on which the filing was turned over to prison authorities. A document submitted without proof of service may be stricken/returned or if filed after the deadline, deemed not timely filed." (*See* Doc. 4 at 4 [IV. SERVICE OF DOCUMENTS].)

[3] 4/13/2026 + 21 days = 5/4/2026.

[4] All Court deadlines are strictly enforced and requests for extensions of time must be filed before the deadline expires. (*See* Doc. 4 at 5 [VII. DEADLINES].)

4