UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIC (AKA DIAMOND) VARGAS,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | Case No.: 1:20-cv-000083-JLT-CDB (PC)<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE**<br><br>(Doc. 100)<br><br>**ORDER GRANTING EXTENSION OF TIME WITHIN WHICH TO FILE OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br><br>(Doc. 101) |

Plaintiff Dominic Vargas is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's claims under the Eighth and Fourteenth Amendments.

**I.      INTRODUCTION**

On April 13, 2026, Defendants filed a motion for summary judgment challenging the merits of Plaintiff's claims. (Doc. 96.)

On May 12, 2026, when Plaintiff failed to file an opposition or statement of non-opposition to Defendants' summary judgment motion, the Court issued its Order to Show Cause in Writing Why Sanctions Should Not Be Imposed for Plaintiff's Failure to File an Opposition or Statement of Non-Opposition to Defendants' Motion for Summary Judgment. (Doc. 100.)

Plaintiff was ordered to respond in writing, or, in the alternative, to file an opposition to Defendants' summary judgment motion within 21 days. (*Id*. at 3.)

On May 20, 2026, Plaintiff filed a motion seeking a 90-day extension of time to oppose the summary judgment motion. (Doc. 101.)

**II.     DISCUSSION**

Plaintiff states that although Defendants' motion was served on April 13, 2026, it was "delivered to [him] on May 20, 2026." (Doc. 101 at 1.) Plaintiff asserts he is permitted law library access "one day per week for four hours" and that "[i]t will take a few trips to research and address" Defendants' summary judgment motion. (*Id*.) He states he must research "the RAND warning, Eastern District court rules and gather proof against" Defendants' claim that Plaintiff "failed to exhaust appeal process, that trans and cisgender inmates are similar situated groups and that defendants were deliberately indifferent." (*Id*.) Plaintiff's request is dated May 13, 2026, although it is not signed. (*Id*.)

Initially, the Court presumes Plaintiff's statement that he received Defendants' motion on "May 20, 2026" is a scrivener's error because Plaintiff could not have received the motion on that date as the request itself is dated May 13 and because his request was received by the Court on May 20, 2026. Next, the Court will overlook Plaintiff's failure to sign the request on this occasion. However, Plaintiff should ensure he signs all future pleadings. *See* Fed. R. Civ. P. 11(a); E.D. Cal. Local Rule 131.

A review of the docket for this action reveals that Defendants' summary judgment motion totals 238 pages, including a 31-page memorandum of points and authorities, a 10-page statement of undisputed facts, and nine separate supporting declarations. (Doc. 96.) Given the length of Defendants' motion and Plaintiff's statement concerning access to the law library, the Court finds good cause to grant the requested extension.

**III.    CONCLUSION AND ORDER**

Accordingly, the Court **HEREBY ORDERS** that:

1. The OSC issued May 12, 2026 (Doc. 100) is **DISCHARGED**;

2. Plaintiff's motion for an extension of time (Doc. 101) is **GRANTED**;

2

3. Plaintiff **SHALL** file any opposition to Defendants' summary judgment motion **no later than August 17, 2026**. No further extensions of time will be granted absent a showing of extraordinarily good cause.

**Any failure by Plaintiff to timely comply with this order may result in a recommendation that this action be dismissed for a failure to obey court orders and a failure to prosecute. Alternatively, Defendants' motion for summary judgment may be deemed unopposed and submitted for decision**.

IT IS SO ORDERED.

Dated:    **May 21, 2026**                         _____
                                                   UNITED STATES MAGISTRATE JUDGE

3