United States District Court
Eastern District of California

| | |
|---|---|
| Dominic (aka Diamond) Vargas<br><br>Plaintiff<br><br>**FILED**<br>JUN 03 2026<br>CLERK U.S. DISTRICT COURT<br>EASTERN DISTRICT OF CALIFORNIA<br>BY<br>DEPUTY CLERK<br><br>v.<br><br>CDCR   et. al. | CASE NO: 1:20-CV-00083-JLT-CDB<br><br>Plaintiff's opposition to<br>Defendant's Notice of Motion<br>for Summary Judgment |

Plaintiff opposes the defendant's notice of Motion for Summary Judgment and ask the court to allow a trial by jury.

Summary Judgment is to be granted only if the record before the court shows "that there is no genuine issue as to any material facts and that the moving party is entitled to a judgment as a matter of law" Rule 56(c), Fed. R. Civ. P.

Defendants argued based on Legal standard on Summary Judgment, Plaintiff failed to comply with PLRA requirement to exhaust administrative remedies, Defendant were not deliberately indifferent to Varga's Serious Medical Needs, Plaintiff's Due Process claim is not similarly situated to a cisgender incarcerated Person and 3350.1 makes claims Moot and defendants are entitled to Qualified Immunity.

Plaintiff will attempt to address each of the above.

(1)

I. Legal Standard on Summary Judgment

Federal Rule of Civil Procedure 56 provides that a summary-judgment motion shall be granted when there is no genuine dispute as to any material fact, and if the moving party is entitled to judgment as a matter of law. A party opposing a motion for summary judgment must affirmatively show that a dispute about a material fact is genuine, such that a reasonable jury could return a verdict for the non-moving party. As such, plaintiff must present probative proof of triable issues.

Plaintiff Vargas has provided documented proof that defendants participated in denial of treatment, delay of treatment, and made decisions regarding plaintiff's case with deliberate indifference. This evidence should be allowed a trial by jury.

II. Plaintiff did comply with PLRA's exhaustion of administrative remedies.

Prior to filing original complaint (Jan 16, 2020), plaintiff did exhaust administrative remedies. Plaintiff documented grievance response granting "Exhaustion of Administrative Remedies". This fulfilled the PLRA requirements

III. Defendants were Deliberately Indifferent to Plaintiff's Serious Medical Needs.

(2)

a) Defendant S. Neumann was chief of Mental Health and while may not have treated patient did oversee those who did. S. Neumann oversaw doctor who requested GAS (Declaration of S. Neumann pf. 2 line 17 +). Given that members of GAS and SMART claimed they were uncertain about surgeries impact on plaintiff's mental health. Mental Health should have clearly documented the risk and impact of treatment to their patients. (declaration of L. Taylor pf. 3 line 25 +).

b) In all declarations and reply to Q+A, defendants deflected to ruling of committees rather than answer their person contribution to the decision. A jury trial is needed to properly examine each defendant. Each defendant admitted to personal involvement in the denials/delays in plaintiff's case. The reversal of the committees decisions does not negate their culpability of the 2019 denial.

IV. Transgenders seeking SRS ARE similarly situated to a cisgender incarcerated person

"Concepcion v CDCR" and "Michelle v CDCR" both cases decided in 2021, courts ruled that "transgender inmates seeking SRS are similarly situated to cisgender inmates..." Both cases

referenced Harrison v Keinan, 971 F 3d 1069, 1075-76 (9th Cir 2020) as the standard.

This contradicts the AG's/defendant's claim.

IV. Claims by Defendant that Plaintiff's claim based on CCR Title 15 Section 3350.1 are moot.

The issue may have changed but the claim by plaintiff is still valid because its that defendants refuse to follow policy. In 2019 and through the years defendants made decisions that violated existing policy and violated plaintiff's civil rights.

VI. Defendants are not entitled to Qualified Immunity.

Each defendant acted with atonomy and agency to make decisions regarding plaintiffs case. They are not immune and a jury should hear the case in full.

X Dominic Vayns                    5/28/26

(A)