UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIC (AKA DIAMOND) VARGAS,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | Case No.: 1:20-cv-000083-JLT-CDB (PC)<br><br>**ORDER DENYING PLAINTIFF'S CONSTRUED MOTION TO REOPEN DISCOVERY**<br><br>(Doc. 105) |

Plaintiff Dominic Vargas is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

## I.      RELEVANT BACKGROUND

On May 9, 2024, the Court issued its Discovery and Scheduling Order in this action. (Doc. 61.) The deadline for the completion of all discovery was initially set for January 9, 2025. (*Id.* at 1, 2.) Thereafter, the deadline for the completion of all discovery was modified from January 9, 2025, to November 7, 2025 (*see* Doc. 86) and then from November 7, 2025, to February 5, 2026 (*see* Doc. 93).

On April 13, 2026, Defendants filed a motion for summary judgment. (Doc. 96.)

On April 16, 2026, Plaintiff filed a "Request for Judge Mediated Depositions." (Doc. 97.) On April 17, 2026, the Court issued its Order Denying Plaintiff's Construed Motion to Compel.

(Doc. 98.)

On May 12, 2026, the Court issued its Order to Show Cause (OSC) in Writing Why Sanctions Should Not Be Imposed for Plaintiff's Failure to File an Opposition or Statement of Non-Opposition to Defendants' Motion for Summary Judgment. (Doc. 100.) Plaintiff was to respond within 21 days. (*Id*. at 3.)

On May 20, 2026, Plaintiff filed a motion seeking a 90-day extension of time within which to file an opposition to Defendants' summary judgment motion. (Doc. 101.) On May 21, 2026, the Court discharged the OSC and granted Plaintiff an extension to August 17, 2026. (Doc. 102.)

On June 3, 2026, Plaintiff filed his opposition to Defendants' summary judgment motion. (Doc. 103.) That same date, Plaintiff filed his response to the OSC (Doc. 104) and a document titled "Response to order denying plaintiff's construed motion to compel AND Request to extend discovery schedule" (Doc. 105).

On June 4, 2026, Defendants filed an opposition to Plaintiff's motion or request to reopen discovery. (Doc. 106.)

## II. DISCUSSION

### *Plaintiff's Request*

Plaintiff states he filed his earlier request, construed by the Court to be a motion to compel, "with the intent to notify the court that Q + A is not effective as deposition and is requesting an extension of discovery be granted and a deposition be scheduled." Plaintiff asks the Court to extend the "discovery schedule" to allow Plaintiff "time to get meaningful response to questions through either resubmitting questions or a deposition, otherwise, a trial would be needed to exam each defendant to accurately [prove] their culpability tin the violation of" his constitutional rights.

### *Defendants' Opposition*

Defendants oppose Plaintiff's request and assert it is untimely and unjustified. It is untimely because the deadline for completion of discovery was February 5, 2026. Further, Defendants contend Plaintiff has failed to show he was diligent in his discovery efforts or that

unforeseen or unanticipated matters developed at the time the scheduling order was entered. Defendants maintain more than 118 days have elapsed from the deadline and that "[t]here is no justification to essentially reopen discovery at this time."

### *Analysis*

As noted above, the Discovery and Scheduling Order for this action issued on May 9, 2024. (Doc. 61.) That Order set the relevant deadlines for discovery and provided relevant information concerning the discovery phase. (*Id*.) The deadline for the completion of all discovery was originally set for January 9, 2025. (*Id*. at 2.) The scheduling order included the following caution: "**A request for an extension of a deadline set in this order must be filed on or before the expiration of the deadline in question and will only be granted on a showing of good cause**." (*Id*. at 3, emphasis in original.)

On December 6, 2024, the Court modified the scheduling order, extending the deadline for the completion of discovery from January 9, 2025, to November 7, 2025. (Doc. 86.) On October 14, 2025, the Court again modified the scheduling order, extending the deadline for the completion of discovery from November 7, 2025, to February 5, 2026. (Doc. 93.) No party sought to extend the deadline of February 5, 2026. Therefore, discovery closed on that date.

The Court may modify dates set forth in a scheduling order only upon a showing of good cause by the moving party. Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 608 (9th Cir. 1992). The "good cause" standard also applies to requests to reopen discovery. *See, e.g*., *Sheridan v. Reinke*, 611 Fed.Appx. 381, 384 (9th Cir. 2015) (applying *Johnson* "good cause" requirement to motions to reopen discovery); *Yeager v. Yeager*, No. 2:06-CV-001196 JAM-EFB, 2009 WL 1159175, at *2 (E.D. Cal. Apr. 29, 2009) (a party must show "good cause" to reopen discovery). The primary factor courts consider in making a good cause determination is whether the moving party was diligent in its attempts to complete discovery in a timely manner. *Johnson*, 975 F.2d at 609. If that party was not diligent, the inquiry should end, and the request should be denied. *Id*.

Courts consider the following factors when ruling on a motion to reopen discovery: (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party

3

would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery, and (6) the likelihood that the discovery will lead to relevant evidence. *City of Pomona v. SQM North American Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017); *Coleman v. Spearman*, No. 2:19-cv-00369 AC, 2024 WL 3758805, at *2 (E.D. Cal. Aug. 12, 2024) (same).

Considering the foregoing factors, initially, the Court notes trial is not imminent. Thus, the first factor weighs in favor of reopening discovery. However, in balancing all relevant equities here, most other factors predominate. The second factor weighs against reopening discovery because Defendants oppose Plaintiff's request. The third factor might weigh in favor of reopening discovery as Plaintiff contends written discovery was not helpful and a deposition is required. But Plaintiff fails to explain how written discovery was insufficient in the first instance — and as noted in the Court's April 17, 2026, order — and thus Plaintiff fails to establish prejudice. The fourth factor concerns Plaintiff's diligence in obtaining discovery with this Court's guidelines. This factor weighs heavily against reopening discovery. Plaintiff has had more than ample time to complete discovery in this action. Significantly, discovery commenced on May 9, 2024, and continued through February 5, 2026, a period of more than 20 months. Plaintiff's vague and conclusory assertion that "Q + A" was not effective does not establish good cause to reopen discovery. The fifth factor concerns the foreseeability of the need for additional discovery considering the time allowed for discovery. Again, more than 20 months were allowed for discovery in this action. Plaintiff did not move for an extension of the February 5, 2026, deadline for the completion of discovery, nor has he established good cause to reopen discovery based upon any perceived inability to foresee the need for additional discovery. Lastly, the Court considers the likelihood that the additional discovery sought will lead to relevant evidence. The Court cannot conclude that reopening discovery will lead to relevant evidence because Plaintiff's request is vague and conclusory. The Court has no means with which to assess Plaintiff's request "to get meaningful response to questions through either resubmitting questions or a deposition" because at no time has Plaintiff presented the Court with his discovery requests directed to

4

Defendants in this action. As Plaintiff was advised in the May 9, 2024, scheduling order, in the event of a discovery dispute, Rule 37 of the Federal Rules of Civil Procedure, among others, applies. (*See* Doc. 61 at 2, ¶ 4.) Rule 37(a) concerns motions to compel discovery, including where a party fails to answer an interrogatory submitted or fails to produce documents. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). Plaintiff did not file a motion to compel under Rule 37. The Court did construe his April 16, 2026, "Request for Judge Mediated Depositions" to be a motion to compel but denied the motion as untimely. (Doc. 98 at 3.) Further, the Court noted that even were the construed motion not untimely, it was "insufficient because Plaintiff fails to meet his burden as the moving party. Plaintiff's motion does not indicate when his discovery requests were served or when any response were due, nor are copies of those documents included from which such information might be gleaned." (*Id.*) Nothing in Plaintiff's instant request overcomes the Court's previous findings nor does it amount to good cause to reopen discovery.

In sum, considering the relevant factors, the Court concludes Plaintiff has failed to establish good cause to reopen discovery. *Johnson*, 975 F.2d at 608-09; *City of Pomona*, 866 F.3d at 1066; *Sheridan*, 611 Fed.Appx. at 384; *Coleman*, 2024 WL 3758805, at *2; *Yeager*, 2009 WL 1159175, at *2.

### III.  CONCLUSION AND ORDER

Accordingly, for the reasons stated above, the Court **HEREBY ORDERS** that:

1.  Plaintiff's construed motion to reopen discovery (Doc. 105) is **DENIED**; and

2.  The undersigned will issue findings and recommendations regarding Defendants' pending summary judgment motion after briefing is complete[1] and in due course[2].

IT IS SO ORDERED.

Dated:    **June 9, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Any reply by Defendants to Plaintiff's opposition to the motion for summary judgment is due no later than June 17, 2026. *See* Local Rule 230(*l*). No further briefing will be permitted upon receipt of any reply or the passing of the June 17 deadline.

[2] This Court is one of the busiest district courts in the nation. All judges carry heavy caseloads. Delays, while unfortunate, are unavoidable.